# United States District Court

NORTHERN DISTRICT OF TEXAS
Wichita Falls Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 7:10-CR-009-O (01) |
| | U.S. Marshal's No.: 42218-177 |
| | Jay Dewald, Assistant U.S. Attorney |
| | Bob Estrada and Chuck Smith, Attorneys for the |
| GUILLERMO LORENZO URISTA | Defendant |

On September 16, 2010, the defendant, GUILLERMO LORENZO URISTA, entered a plea of guilty to Count One of the Indictment filed on August 3, 2010. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §846, 21 U.S.C. §841(a)(1),(b)(1)(A)(viii) and (b)(1)(C) | Conspiracy to Distribute a Controlled Substance | December 2008 | One |

The defendant is sentenced as provided in pages two through four of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The government's motion to dismiss all remaining Counts is granted as to this defendant only.

The defendant shall pay immediately a special assessment of $100 for Count One of the Indictment filed on August 3, 2010.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed January 4, 2011.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE


Signed January 11, 2011.

# IMPRISONMENT

The defendant, GUILLERMO LORENZO URISTA, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of TWO HUNDRED SIXTY TWO (262) months on Count One of the Indictment filed on August 3, 2010.

The Court would recommend to the Bureau of Prisons that the defendant be confined at a facility as close to the Wichita Falls, Texas area, if possible.  Furthermore, the Court would recommend to the Bureau of Prisons that the defendant be allowed to participate in the Institutional Drug Treatment Program, if eligible.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of FIVE (5) years on Count One of the Indictment filed on August 3, 2010.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate  with any persons engaged in criminal activity and  not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation  officer to visit the defendant at any time at home or elsewhere and  permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20.00 per month;

provide to the probation officer any requested financial information;

participate in workforce development programs and services involving activities relating to occupational and career development, including but not limited to assessments and testing, educational instruction, training classes, career guidance, counseling, case management, and job search and retention services, as directed by the probation officer until successfully discharged from the program;

participate in cognitive based programs as directed by the probation officer; and,

make all court-ordered child support payments on a timely basis, producing proof of payment to the probation officer within the first 5 days of each month, whether as a part of a written report required by the probation officer or otherwise.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## FORFEITED PROPERTY

As the result of his guilty plea on Count One of the Indictment, the defendant Guillermo Lorenzo Urista, shall forfeit the following to the Government pursuant to 18 U.S.C. § 2253(a) and Fed. R. Crim. P.32.2(b):

1. The real property located at 809 Wilbarger Street, Vernon, Wilbarger County, Texas;

2. The $16,106.00 in U.S. currency seized on August 10, 2010;

3. The $32,000.00 in U.S. currency seized on August 16, 2010;

4. The real property located at 2401 Sherman Street, Vernon, Wilbarger County, Texas; and,

5. The real property located at 2403 Sherman Street, Vernon, Wilbarger County, Texas.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to_____
at_____, with a certified copy of this judgment.

                                               _____
                                               United States Marshal

                                       BY   _____
                                                Deputy Marshal

Case 7:10-cr-00009-O   Document 176   Filed 01/11/11   Page 4 of 4   PageID 627